UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS WINARSKI, individually and
on behalf of all other similarly situated,

      Plaintiff,

                                  Case No. 22-cv-11881

v.                                  Hon.  Thomas L. Ludington
                                    Mag. Judge:  Patricia T. Morris

BIBLICAL ARCHAEOLOGY SOCIETY,
INC.,

      Defendant.
_____/

### **DEFENDANT'S MOTION TO DISMISS**

For the reasons set forth in the attached Brief in Support, Defendant, Biblical Archaeology Society, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint [ECF No. 1] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Plaintiff's claim is untimely and Plaintiff lacks standing to pursue his claim.

Concurrence in the relief sought by Defendant was requested from Plaintiff's counsel in accordance with E.D. Mich. LR 7.1, but it was denied.

Respectfully submitted,

PLUNKETT COONEY

*/s/ Jeffrey S. Hengeveld*
Jeffrey S. Hengeveld (P66029)
Erik Johnson (P85017)
Attorneys for Defendant
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 594-8202
jhengeveld@plunkettcooney.com

Dated:  October 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS WINARSKI, individually and
on behalf of all other similarly situated,

      Plaintiff,

v.

BIBLICAL ARCHAEOLOGY SOCIETY,
INC.,

      Defendant.

_____/

Case No. 22-cv-11881
Hon.  Thomas L. Ludington
Mag. Judge:  Patricia T. Morris

**<u>BRIEF IN SUPPORT OF</u>**
**<u>DEFENDANT'S MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS .................................................................................................. i

INDEX OF AUTHORITIES ......................................................................................... ii

STATEMENT OF ISSUES PRESENTED ................................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES .......................... v

I.      INTRODUCTION ...................................................................................... 1

II.     STATEMENT OF FACTS ......................................................................... 1

III.    STANDARD OF REVIEW ........................................................................ 2

IV.    ARGUMENT ............................................................................................... 4

        A.    Winarski's Purported Claim Under the PPPA Is Time-
              Barred. ........................................................................................... 4

        B.    Winarski Lacks Article III Standing Because He Has Not
              Suffered an Injury In Fact or Risk of Real Harm ................. 8

V.     CONCLUSION ......................................................................................... 13

i

## INDEX OF AUTHORITIES

**Page(s)**

### Cases

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..................................................................................3

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ..................................................................................3

Browning v. Buko,
    979 N.W.2d 196 (Mich. 2022) ..................................................................7

Cartwright v. Garner,
    751 F.3d 752, 759–60 (6th Cir. 2014) .......................................................3

Clapper v. Amnesty Int'l USA,
    568 U.S. 398 (2013) ..................................................................................9

Derderian v. Genesys Health Care Sys.,
    263 Mich. App. 364 (2004) ........................................................................4

Dist. of Columbia v. Heller,
    554 U.S. 570 (2008) ..................................................................................7

DLX, Inc. v. Commonwealth of Kentucky,
    381 F.3d 511 (6th Cir. 2004) ....................................................................3

Doe v. Mills,
    212 Mich. App. 73 (1995) ........................................................................12

Hagy v. Demers & Adams,
    882 F.3d 616 (6th Cir. 2018) ..................................................................10

Home Bldg. & Loan Ass'n v. Blaisdell,
    290 U.S. 398 (1934) ..................................................................................6

In re Certified Questions From United States Dist. Ct. ,
    W. Dist. of Michigan, S. Div., 506 Mich. 332 (2020) ..............................6, 7

Lyshe v. Levy,
    854 F.3d 855 (6th Cir. 2017) ....................................................................2

Mackey v. Rising,
    No. 20-13408, 2021 WL 4034226 (E.D. Mich. Sept. 3, 2021) .................5

Pratt v. KSE Sportsman Media, Inc.,
    No. 1:21-CV-11404, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022) ......5, 11, 12

ii

*Soehnlen v. Fleet Owners Ins. Fund*,
    844 F.3d 576 (6th Cir. 2016) ............................................................................... 9

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ..................................................................................... 9, 10

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ............................................................................... 9, 11, 12

*Trichell v. Midland Credit Mgmt., Inc.*,
    964 F.3d 990, n.2 (11th Cir. 2020) ................................................................... 12

*United States v. Ritchie*,
    15 F.3d 592 (6th Cir. 1994) ................................................................................. 3

## **Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................................... 2, 13

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 3, 13

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 4

## **Statutes**

42 U.S.C. § 1983 ............................................................................................................ 5

MCL § 10.31 .................................................................................................................. 6

MCL § 10.31(1) ............................................................................................................ 6

MCL § 445.1712(2) ...................................................................................................... 8

MCL § 600.5805(9) ..................................................................................................... 4

MCL § 600.5813 ........................................................................................................... 4

MCL § 600.5856 ........................................................................................................... 6

## **Other Authorities**

Michigan Preservation of Personal Privacy Act .................................. 1, 2, 4, 8, 13

## **Constitutional Provisions**

Article III ................................................................................................ 1, 6, 8, 9, 11, 12

Const. 1963, Art. 3, § 2 ............................................................................................... 6

First Amendment ...................................................................................................... 11

## STATEMENT OF ISSUES PRESENTED

I.   WHETHER the Court should dismiss this case as untimely where Plaintiff's Michigan Preservation of Personal Privacy Act claim was filed almost two weeks after the expiration of the statute of limitations?

Defendant answers: "Yes"

II.  WHETHER the Court should dismiss this case because Plaintiff has not suffered a concrete injury merely because his reading preference for *Biblical Archaeology Review* has been allegedly disclosed to third parties?

Defendant answers: "Yes".

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075 (E.D. Mich. Feb. 15, 2022)

*Browning v. Buko*, 979 N.W.2d 196 (Mich. 2022) (Viviano, J., Dissent)

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)

**<u>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

## I.      INTRODUCTION

This action is time-barred by the six-year statute of limitations appliable to a claim under the Michigan Preservation of Personal Privacy Act ("PPPA").  Even if deemed to be timely, however, Plaintiff lacks Article III standing, because he has no injury in fact or risk of real harm arising from the alleged violation of the PPPA.

## II.      STATEMENT OF FACTS

According to Plaintiff, Biblical Archology Society, Inc. ("BAS") disclosed detailed information about Plaintiff's *Biblical Archaeology Review* magazine subscription to data aggregators, data appenders, data cooperatives, and list broker.  [ECF No. 1, PageID.1, ¶ 1]  Plaintiff says that these data aggregators in turn disclosed this information to aggressive advertisers who sent unwanted junk mail to Plaintiff. [ECF No. 1, PageID.1, ¶ 1]  Plaintiff alleges, for example, that NextMark, Inc., a list broker, offered to provide renters access to a mailing list titled "Biblical Archaeology Review Mailing List." [ECF No. 1, PageID.2, ¶ 2]  Plaintiff says that this list contains 121,364 of BAS's active United States subscribers. [ECF No. 1, PageID.2, ¶ 2]  Importantly, that number is based on data from May 31, 2022.  [ECF No. 1, PageID.2, ¶ 2]  It is not from Pre-July 31, 2016.

Plaintiff alleges that by disclosing his private reading information, sometime pre-July 31, 2016, BAS violated Michigan's Preservation of Personal Privacy Act

1

("PPPA").  [ECF No. 1, PageID.3, ¶ 3]  Plaintiff contends that disclosure of private reading information is dangerous because it allows for the targeting of particularly vulnerable members of society.  [ECF No. 1, PageID.4, ¶ 7]

Plaintiff alleges that BAS never notified him that it discloses private information, nor did it obtain his consent.  [ECF No. 1, PageID.5-6, ¶ 9-10]  He says that BAS discloses private reading information to data aggregators who then supplement that information with additional sensitive private information about each BAS customer, including their gender.  [ECF No. 1, PageID.16, ¶ 41]  Plaintiff characterizes gender as one of the most intimate details. *Id*. [ECF No. 1, PageID.17, ¶ 44]

Plaintiff seeks to represent a putative class defined as all Michigan residents who, at any point during the relevant pre-July 31, 2016 time period, had their private reading information disclosed to third parties by BAS without consent (the "Class").  [ECF No. 1, PageID.18, ¶ 49]

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction.  *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack).  *Cartwright v. Garner*, 751 F.3d 752,

759–60 (6th Cir. 2014) (citing *558 *United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994)).  In the case of a facial attack, the court takes the allegations of the complaint as true to determine whether the plaintiff has alleged a basis for subject matter jurisdiction.  *Id.*

In the case of a factual attack, the court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case.  *Id.*  Plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  Here, Defendant makes both a facial and factual attack on Plaintiff's standing to bring a claim.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the Court accepts as true all factual allegations, it need not accept legal conclusions. Indeed, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Although the decision in

Twombly does not change the notice-pleading standards, it does require a plaintiff's complaint to contain "more than labels and conclusions." *Id.* at 678.

The determination of whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n] . . . that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.   ARGUMENT

### A.   Winarski's Purported Claim Under the PPPA Is Time-Barred.

Plaintiff's PPPA claim is time barred.  Plaintiff contends that the six-years statute of limitations in MCL § 600.5813 applies in this matter.[1]  Plaintiff alleges his claim relates strictly to pre-July 31, 2016 events. But as this Court recognized, pre-July 31, 2016, claims expired prior to the filing in this case.  *See Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *7 (E.D. Mich. Feb.

---

[1] BAS believes that the three-year statute of limitations in MCL § 600.5805(9) applies to Plaintiff's claims, because Michigan courts have consistently applied the three-year statute of limitations to other right of privacy causes of action*. See, e.g.*, *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 386 (2004). However, BAS is also cognizant of this Court's ruling in *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *2 (E.D. Mich. Feb. 15, 2022).  BAS raises the argument strictly to preserve its appeal rights.

15, 2022) (granting in part motion to dismiss PPPA claims arising outside the six-year statute of limitations).[2]  This case was filed on August 12, 2022, almost two weeks after the statute of limitations elapsed. Plaintiff, therefore, failed to commence this action within the statute of limitations.

BAS anticipates that Plaintiff will argue that the statute of limitations was tolled due to Executive Orders issued by Governor Whitmer and Administrative Orders issued by the Michigan Supreme Court, which purportedly tolled the statute of limitations for civil cases in Michigan courts from March 10, 2020, to June 19, 2020 (tolling all statutes of limitations by 102 days). *See Mackey v. Rising*, No. 20-13408, 2021 WL 4034226, at *2 (E.D. Mich. Sept. 3, 2021) (tolling the statute of limitations in § 1983 action due to Michigan's tolling the statute of limitation in civil cases). However, the Governor's and the Michigan Supreme Court's orders with respect to tolling limitations periods in civil cases violated the separation of powers and are, therefore, unconstitutional.

There is no question that governors may issue executive orders and courts may issue administrative order in the exercise of their constitutional and statutory powers and duties, but the orders cannot usurp the legislature's exclusive authority to formulate public policy by statute.

---

[2] July 31, 2022 was a Sunday, therefore, the following day, August 1, 2022, was the last day Plaintiff could file his claim.

Article III of the Michigan Constitution provides in relevant part:  "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const. 1963, Art. 3, § 2.  The Michigan Constitution does not provide the executive nor the judiciary with the power to override or modify a state statute. Nor does the Emergency Powers of the Governor Act of 1945 (the "EPGA"), MCL § 10.31 *et seq*., under which the Governor issued her emergency orders, grant such power.  *In re Certified Questions From United States Dist. Ct.*, W. Dist. of Michigan, S. Div., 506 Mich. 332, 372 (2020) (holding that "the delegation of power to the Governor to 'promulgate reasonable orders, rules, and regulations as he or she considers necessary to protect life and property, MCL § 10.31(1), constitutes an unlawful delegation of legislative power to the executive and is therefore unconstitutional under Const. 1963, Art. 3, § 2, which prohibits exercise of the legislative power by the executive branch").

Michigan's tolling statute does not have an exception for a state of emergency.  *See* MCL § 600.5856 (Tolling of the statutes of limitations or repose). Neither the Governor nor the Courts had the power to rewrite Michigan's statutes due to the state of emergency.  *See Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 425 (1934) ("Emergency does not create power. Emergency does not increase

6

granted power or remove or diminish the restrictions imposed upon power granted or reserved.").

As Michigan Supreme Court Justice Viviano recognized recently, the Courts "initial orders were issued at a point when it was unclear whether and to what extent courts might close." *Browning v. Buko*, 979 N.W.2d 196, 201 (Mich. 2022) (Viviano, J., Dissent). As it turned out, Michigan courts did not close. Aggrieved parties continued to file their claims. And cases proceeded.

The Court should not toll the statute of limitations in this case. The implications of such a ruling would be profound. Finding that emergency orders, broadly tolling *all* statutes of limitations in *all* civil actions in Michigan by 102 days, would do more than toll actions; it would effectively extend the statutes of limitations for cases relying on Michigan's statute of limitations in federal court for years to come. Plaintiffs with cases subject to a six-year statute of limitation, such as the present case, would continue to have an additional three months to commence their actions through 2026. This cannot be the result. "'[T]he remedy [of a legal provision] often extends beyond the particular act or mischief which first suggested the necessity of the law.'" *In re Certified Questions From United States Dist. Ct., W. Dist. of Michigan*, S. Div., 506 Mich. 332, 351 (2020) (alterations in original) (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 578 (2008)).

Plaintiff's PPPA claim must be dismissed because it is barred by the statute of limitations and is not subject to tolling.

### B. Winarski Lacks Article III Standing Because He Has Not Suffered an Injury In Fact or Risk of Real Harm.

It is important to note that the alleged harm in this case is the disclosure by BAS that Plaintiff purchased *Biblical Archaeology Review*. Plaintiff alludes to myriad harms in his complaint, including releasing Plaintiff's address and releasing his gender, which he says exposed him to risk by internet scammers. However, those alleged harms are not cognizable under the PPPA.[3] Any identifying information relates strictly to linking the purchase of the publication to a particular individual, because the PPPA excludes disclosure of information that "has been aggregated or has been processed in a manner designed to prevent its association with an identifiable customer." MCL § 445.1712(2) (2016). Focusing strictly on the alleged disclosure of Plaintiff's personal reading information, Plaintiff has not

---

[3] Moreover, Plaintiff's address is well known. He is a former City of Gladwin City Council Member and Mayor, and he currently sits on the Gladwin County Board. *See* https://www.michigan.gov/mdhhs/inside-mdhhs/county-offices/northern-mid-michigan/gladwin-county (last visited on October 3, 2022). His address is listed on many state and municipal websites. And his gender is far from one of the "most intimate details" in his life, considering he frequently uses the "he/him" pronouns online, such as in his LinkedIn profile. *See* https://www.linkedin.com/in/thomas-winarski-2bb54193 (last visited on October 3, 2022).

suffered an injury in fact or risk of real harm as a result of BAS disclosing his reading preferences.

A plaintiff invoking federal jurisdiction bears the burden of establishing standing under Article III by demonstrating: (1) an injury in fact; (2) fairly traceable to the challenged conduct of the defendant; and (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish an injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548. A concrete injury means that the injury "must actually exist." *Id.* at 1545. For an injury to be particularized, it must affect the plaintiff in a personal and individual way. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581-82 (6th Cir. 2016). Simply alleging a bare procedural violation is not sufficient to establish the concrete-harm requirement. *Spokeo* at 1550. Further, a "threatened injury must be certainly impending to constitute injury in fact," and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

The Supreme Court again affirmed that a plaintiff must suffer "concrete harm" beyond simply claiming an alleged statutory harm to have Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). The Court held that while Congress's views on what constitutes a harm in creating a private cause

of action may be "instructive" as to whether a harm is sufficiently concrete, Congress alone cannot simply "enact an injury into existence" by creating a private cause of action for something that is not remotely harmful. *Id.* at 2205. The Court, as it did earlier in *Spokeo*, again rejected that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* The Court instructed that "courts should assess whether the alleged injury to the plaintiff has 'a close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* at 2204 (quoting *Spokeo*, 578 U.S. at 341).

As for the harm itself, the Court recognized the potential for reputational harms, disclosure of private information, and intrusion upon seclusion, but held that "the mere risk of harm, standing alone, cannot qualify as a concrete harm." *Id.* at 2210-11. Thus, a plaintiff must demonstrate that "the risk of future harm materialized" or that a plaintiff "was independently harmed by their exposure of the risk itself." *Id.* at 2211.

Similarly, in *Hagy v. Demers & Adams*, 882 F.3d 616, 619 (6th Cir. 2018), the Court elaborated on the holding in *Spokeo* by holding that a plaintiff lacks standing where he cannot demonstrate negative consequences were caused by the alleged violation. The plaintiff claimed the defendant debt collector violated the FDCPA by sending a letter that failed to disclose the letter came from a debt collector, but

10

could not point to any negative consequences, whether immediately or imminently, caused by the violation. *Hagy*, 882 F.3d at 622-623. The Court stated, "We know of no circuit court decision since Spokeo that endorses an anything-hurts-so-long-as-Congress-says-it-hurts theory of Article III injury." *Id.* at 622. The Supreme Court cited *Hagy* favorably in *Ramirez*. *Ramirez*, 141 S. Ct. at 2205.

BAS recognizes that courts in this district have held consistently that disclosure of personal reading information is a cognizable injury in fact for purposes of Article III. *See Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *8 (E.D. Mich. Feb. 15, 2022) (collecting cases). However, most of these cases were prior to the Supreme Court's opinion in *TransUnion LLC v. Ramirez*.

*Ramirez* made clear that there is a bright line between an "injury in law" and an "injury in fact." *Ramirez*, 141 S. Ct. at 2205. The first represents a statutory violation, while the latter represents a concrete harm suffered by a plaintiff. The Court explained that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment." *Id.* (citing *Trichell v. Midland Credit Mgmt., Inc.*,

964 F.3d 990, 999, n.2 (11th Cir. 2020) (stating "we cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so")).

In *Pratt*, this Court concluded that disclosure of private reading material without consent, alone, satisfied Article III standing. *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2022 WL 469075, at *9 (E.D. Mich. Feb. 15, 2022). BAS respectfully disagrees. Such a disclosure is an injury in law, only.

For example, in *Ramirez*, the Court found that 6,332 TransUnion plaintiffs did not have a cognizable injury because failing to comply with the FCRA's mail formatting requirements did not have "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 2213. By contrast, the Court found that 1,853 class members suffered a concrete injury in fact because TransUnion had disseminated to third-party businesses misleading information that the plaintiffs were, among other things, potential terrorists, which had actually caused them reputational harm in violation of the Fair Credit Reporting Act ("FCRA") akin to harms traditionally associated with defamation. *Id.* at 2208-09.

Here, there is no close relationship to a harm traditionally recognized by American courts. The closest traditionally recognized harm would stem from either a claim for public disclosure of embarrassing private facts or intrusion upon seclusion. *See Doe v. Mills,* 212 Mich. App. 73, 79 (1995) (listing the four theories

of privacy-based causes of action in Michigan). Neither theory addresses harms closely related to disclosing one's reading preferences.

Public disclosure of embarrassing private facts relates to disclosure of "highly offensive" information. *Id*. at 80. For example, disclosure of medical treatment and matter of sexual relations are generally considered highly offensive. *Id.* at 884. Disclosure of one's reading preference for *Biblical Archaeology Review* cannot be reasonably characterized as in the same class as medical treatment and sexual relations. And intrusion upon seclusion focuses on the intrusion, not the disclosure or making public the "offensive" information. *Id*. at 88. There is no close relationship to a traditionally recognized harm for disclosure of reading preferences which are not inherently "highly offensive." Therefore, Plaintiff has not alleged that he suffered negative consequences caused by BAS's alleged disclosure that Plaintiff subscribed to *Biblical Archaeology Review*.

Therefore, Plaintiff, without more, lacks standing to pursue his PPPA claim.

## V.    CONCLUSION

For these reasons, Defendant moves this Honorable Court to dismiss the claims against it in Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and seeks all other relief as is just and proper.

Respectfully submitted,

PLUNKETT COONEY

*/s/ Jeffrey S. Hengeveld*
Jeffrey S. Hengeveld (P66029)
Erik Johnson (P85017)
Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
(248) 594-8202
jhengeveld@plunkettcooney.com
ejohnson@plunkettcooney.com

Dated:  October 12, 2022

## CERTIFICATE OF SERVICE

This is to certify that on October 12, 2022, I electronically filed Defendant's

Motion to Dismiss with the Clerk of the Court using the ECF system, which will send

notification of such filing to all counsel registered electronically

.

*/s/ Debra L. Vogt*
DEBRA L. VOGT

Open.11877.23418.29632387-1

14